## J. & D. McClelland v. John D. Mahon, for use of James B. Irwin.

### In Error.

The case of Steel v. The Phœnix Insurance Company overruled; and a legal plaintiff who, before suit brought, had bonâ fide assigned for a valuable consideration, and without expectation of gain from a recovery or responsibility for a failure, a claim for professional services alleged by him to have been admitted by the defendants at a general settlement of their accounts, not allowed to sustain it by his testimony.

Error to the District Court of Alleghany county.

Jacob McClelland and David McClelland, partners under the firm of J. & D. McClelland, who are the plaintiffs in error, were the defendants below, and John D. Mahon for use of James B. Irwin, the plaintiff.

Mutual accounts existed between the parties.   The account of John D. Mahon was for professional services rendered from time to time for the defendants.   On an adjustment of those accounts, a balance, amounting to $150, was acknowledged by the defendants to be owing to John D. Mahon.   This acknowledgment was made verbally, and not in the presence of a witness.

James B. Irwin had endorsed and paid a note of John D. Mahon for $100, which, with upwards of two years' interest, was owing by the latter to the former.   In consideration of this debt, and of a sleigh valued at $45, John D. Mahon assigned his claim against J. & D. McClelland to James B. Irwin, who brought suit for its recovery.

After suit was brought, but previous to trial, a release was executed by James B. Irwin to John D. Mahon, as follows:

"Know all men by these presents, that I, James B. Irwin, in consideration of the assignment heretofore made to me by John D. Mahon, Esq., of his claim against J. & D. McClelland, have released, and by these presents do release the said John D. Mahon from all liabilities on account of the moneys heretofore paid by me for him, to the amount of $100 and upwards, and also on account of personal property heretofore sold and delivered to the said John D. Mahon, and which formed the consideration of the assignment of his said claim.   The said Mahon is hereby fully released from all liability, or claim, or demand on account of said transactions, and fully and for ever discharged and acquitted therefrom.   Witness my hand and seal the 22d March, 1844.

(Signed)          J. B. Irwin, [Seal.]"

"Test. N. Buckmaster."

John D. Mahon was called by plaintiff as a witness, and being sworn on his voir dire, stated that the assignment of the claim to J. B. Irwin was for a valuable consideration. That J. & D. McClelland held a paper relative to the claim, that could only be explained by himself, (J. D. M.) That he had no interest, directly or indirectly, nor any liability arising out of the determination of the suit. The competency of John D. Mahon as a witness was objected to by defendants. The court overruled the objection, and this the plaintiffs now assign as error.

*Woods*, for plaintiff in error.
*Black*, contrá.

PER CURIAM. The legal plaintiff's claim was for professional services, said to have been admitted by the defendants at a settlement of the accounts; of which the plaintiff could make no proof except by his own testimony, and in his own hands the claim was consequently destitute of value. He ought therefore to have been rejected as a witness, whether his transfer to the equitable plaintiff were real or fictitious. Nor could his testimony be received for purposes of corroboration. If he could make out his case without it, he would not need it; and the objection to it would remain. Indeed the time is come when the doctrine in Steel *v.* The Phœnix Insurance Company must be exploded altogether. The essential interests of justice demand, that the decision in that case be no longer a precedent for any thing whatever. It is immaterial, therefore, that the plaintiff transferred the cause of action in payment of a debt and without responsibility for the event: for he was not the less incompetent, for it, to testify in support of it.

Judgment reversed, and venire de novo awarded.